IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE JACOBS, et al., <br>     Plaintiffs, | ) <br> ) <br> ) |
| v. | )   Civil Action No. 05-1334 |
| | ) |
| RAMON RUSTIN, et al., <br>     Defendants. | ) <br> ) |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the complaint in the above captioned case be dismissed, without prejudice, and that any of the plaintiffs who desire to do so may file individual complaints against the defendants.

II. Report:

Fifteen inmates at the Allegheny County Jail have presented a civil rights complaint which they seek leave to prosecute in forma pauperis. In their complaint they seek to file what is in essence a class action regarding conditions at the Allegheny County Jail.[1] Thus, the plaintiffs seek to set forth a violation of 42 U.S.C. 1983 and invoke this Court's jurisdiction pursuant to Sections 1331 and 1343 of Title 28, United States Code. Named as defendants are a dozen individuals and corporations affiliated with the jail.

One of the primary concerns in class actions, is that the class representative be capable of

---

[1] We note that the lead plaintiff, Andre Jacobs, who is a frequent litigator in this Court has written the complaint and that the other inmates have merely signed onto the complaint. In addition, financial information has only been provided by one of the plaintiffs.

representing the interests of the class. Rule 23(a). F.R.Civ.P. For this reason, it has been determined that pro se prison inmates are not capable of maintaining a class action. <u>Reed v. Board of Prison Terms,</u> (N.D.Cal.2003) 2003 WL 21982471.

Furthermore, filing a civil rights action in the federal courts contains certain consequences as set forth in the Prison Litigation Reform Act which could easily impact on each of the individual plaintiffs.

Accordingly, it is recommended that the complaint be dismissed, without prejudice, and that any of the plaintiffs who desire to do so may file individual complaints against the defendants.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/ Robert C. Mitchell,
United States Magistrate Judge

Dated: September 26, 2005

2