IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE JACOBS, et al., <br>     Plaintiffs, <br><br> vs. <br><br> RAMON RUSTIN, et al., <br>     Defendants. | Civil Action No. 05-1334 |

MEMORANDUM ORDER

On September 23, 2005, this case was initiated when plaintiffs, fifteen inmates at the Allegheny County Jail, submitted a proposed civil rights class action complaint regarding conditions at the jail. They have named as defendants a dozen individuals and corporations associated with the jail. Although the proposed complaint was signed by all fifteen inmates, financial information for leave to proceed in forma pauperis was submitted only on behalf of one of them, Mark Sneed.

On September 26, 2005, the magistrate judge filed a Report and Recommendation (Docket No. 2), recommending that the proposed class action complaint be dismissed without prejudice and that any of the plaintiffs who desire to do so may file individual complaints against the defendants.

Service of the Report and Recommendation was made on the parties, and the plaintiffs filed objections (Docket No. 3) on October 4, 2005. In their objections, plaintiffs contend that, although the Report and Recommendation correctly concluded that lead plaintiff Andre Jacobs is not capable of maintaining a class action on behalf of the other prisoners, they request appointment of counsel to represent them in prosecuting this case. The Court will construe the objections as a request for appointment of counsel.

In considering a motion for the appointment of counsel, this Court must determine whether or not to request counsel to represent this indigent litigant under the provisions of 28 U.S.C. § 1915(e)(1), fully recognizing that if successful counsel may be entitled to recover fees under the provisions of Section 1988 of Title 42, United States Code.  Section 1915(e)(1) gives the Court broad discretion to determine whether appointment of counsel is warranted, and that determination must be made on a case-by-case basis.  Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

As a threshold matter the district court should consider whether the plaintiff's claim has arguable merit in fact or law.  Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997).  See Tabron, supra at 155.  If the court determines that the claim has some merit, the court should then consider the following factors:

    1.    the plaintiff's ability to present his or her own case;

    2.    the complexity of the legal issues;

    3.    the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

    4.    the amount a case is likely to turn on credibility determinations;

    5.    whether the case will require the testimony of expert witnesses; and

    6.    whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, supra.  "The list of factors is not exhaustive, but instead should serve as a guidepost for the district courts.  Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."  Id. at 458.

After careful consideration of the plaintiffs' allegations, it would appear that the

appointment of counsel is not warranted and, therefore, the Court will not exercise its discretion in this case.

Initially, it does not appear with any degree of certainty that plaintiffs are setting forth a factual basis which demonstrates that they will ultimately prevail on the merits. Nevertheless, in considering factors one and two – the litigant's ability to present his case and the difficulty of the legal issues involved – it is clear that the issues presented in the complaint are neither difficult nor complex, and nothing in the record indicates that plaintiffs would be incapable of presenting their case. Similarly, the third consideration – the degree to which factual investigation will be necessary and plaintiff's ability to conduct such investigation – does not weigh in favor of the appointment of counsel since plaintiffs' case would basically rely on their testimony and little factual investigation appears to be necessary.

Further, while it may be that the credibility of the witnesses will be at issue in the case it does not appear that the case will become a "swearing contest" nor does it appear that proper adjudication will require the testimony of an expert witness. Indeed, the only factor that seemingly weighs in plaintiffs' favor is the fact that they have indicated that they would be unable to afford to retain counsel on their own behalf as evidenced by their having requested in forma pauperis status. This factor alone, however, does not entitle plaintiffs to appointed counsel but should be considered only when the other factors weigh in the plaintiffs' favor. Moreover, as noted above, the request for in forma pauperis status has been submitted only on behalf of plaintiff Mark Sneed, not the other fourteen plaintiffs.

AND NOW, this      day of October, 2005,

IT IS ORDERED that plaintiffs' objections to the Report and Recommendation, construed as a request for appointment of counsel (Docket No. 3), are denied.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure if the plaintiffs desire to appeal from this Order they must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

           Magistrate Judge Mitchell's Report and Recommendation dated September 26, 2005 (Docket No. 2) is adopted as the opinion of the Court, as supplemented by the instant Memorandum Order.

                                      BY THE COURT:

                                      s/ Terrence F. McVerry
                                      United States District Judge

cc:    ANDRE JACOBS
        125883
        Allegheny County Jail
        950 Second Avenue
        Pittsburgh, PA 15219

        LEONARD MATTHEWS
        114773
        950 Second Avenue
        Allegheny County Jail
        Pittsburgh, PA 15219

        WILLIAM SKOVRAN
        950 Second Avenue
        Allegheny County Jail
        Pitsburgh, PA 15219

        WARREN EASLEY
        126133
        950 Second Avenue
        Allegheny County Jail
        Pitsburgh, PA 15219

        JAMES COLE
        950 Second Avenue
        Allegheny County Jail
        Pittsburgh, PA 15219

ANTHONY BANKS
94417
950 Second Avenue
Allegheny County Jail
Pittsburgh, PA 15219

JOSEPH NIXON
105862
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219

CLARON HANNER
63627
950 Second Avenue
Allegheny County Jail
Pittsburgh, PA 15219

KENNETH MCCREARY
115344
950 Second Avenue
Allegheny County Jail
Pittsburgh, PA 15219

JAMAR L. TRAVILLION
78951
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219

JACOB HOWELL
455
950 Second Avenue
Allegheny County Jail
Pittsburgh, PA 15219

JAMES S. FRAZIER
68656
950 Second Avenue
Allegheny County Jail
Pittsburgh, PA 15219

DION D. EVERETT
950 Second Avenue
Allegheny County Jail
Pittsburgh, PA 15219

MARK SNEED
21453
950 Second Avenue
Allegheny County Jail
Pittsburgh, PA 15219

MARK NIXON
71885
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219